# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ALAN ROSS MACHINERY CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 17-cv-3569 |
| MACHINIO CORPORATION, | ) ) ) | Judge Thomas M. Durkin |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alan Ross Machinery Corporation brings this action against Defendant Machinio Corporation alleging Machinio "scraped" sales listings of industrial machinery from Alan Ross's website and duplicated those listings on its website. Alan Ross originally brought a Lanham Act claim, a Computer Fraud and Abuse Act claim, and a number of state law claims. R. 3. On July 9, 2018, the Court granted Machinio's motion to dismiss Alan Ross's complaint in its entirety but allowed Alan Ross to file an amended complaint. R. 31, 41. Alan Ross filed an amended complaint on July 30, 2018. R. 40. In the amended complaint, Alan Ross alleges Machinio violated the Digital Millennium Copyright Act (Count I) in addition to revising its Lanham Act claim (Count II). Before the Court is Machinio's motion to dismiss the amended complaint. For the reasons explained below, Machinio's motion is granted.

## BACKGROUND

Machinio is "a global search engine for finding used machinery and

equipment." R. 40 ¶ 17. Machinio's "database contains more active machinery listings than any other website." *Id*. Alan Ross claims to be a "global vendor of new and used equipment," and also maintains a search engine website for finding new and used machinery. *Id*. ¶ 8. Sellers of new and used machinery can list their equipment on Alan Ross's website for a fee. *Id*. Alan Ross also owns much of the equipment it sells and lists that equipment for sale on the site. *Id*. Alan Ross alleges that Machinio is one of its "direct competitors" in the used equipment business. *Id*. ¶ 14. But Alan Ross does not allege Machinio sells any equipment, only that its website contains listings for equipment for sale. *Id*. ¶¶ 14, 18. Unlike Machinio, Alan Ross is "an authorized and sometimes exclusive dealer for new equipment." *Id*. ¶ 9.

The gist of Alan Ross's complaint is that Machinio extracted data relating to the sales listings of certain machinery from the Alan Ross website and reproduced those listings on the Machinio website. *Id*. ¶ 23. Alan Ross alleges that, in Machinio's duplication, "Machinio removed [Alan Ross's] copyright notices from the copied listings and reproduced those listings on its own website under its own copyright notices." *Id*. ¶ 24. Alan Ross also alleges that Machinio reproduced photographs and descriptions of the listed items from Alan Ross's website and reproduced certain entries from the listings to corresponding fields on Machinio's website. *Id*. ¶ 25.

Alan Ross claims that Machinio's conduct violates the Digital Millennium Copyright Act ("DMCA") (Count I). Alan Ross also claims that Machinio's conduct violates the Lanham Act through false designation of origin (or "reverse passing off") and false endorsement (Count II). Machinio has moved to dismiss both claims.

2

## DISCUSSION

### I. Standard of Review

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

### II. Digital Millennium Copyright Act (Count I)

The DMCA seeks to hamper copyright infringement in the digital age by protecting copyright management information ("CMI") in various ways. 17 U.S.C. §

1202. Specifically, it prohibits distributing false CMI, *id*. § 1202(a), and removing or altering CMI, *id*. § 1202(b). CMI is information about the copyright "conveyed in connection" with the work and includes information such as the author of the work, the title of the work, copyright symbols, and the name of the copyright owner. *Id*. § 1202(c). The point of CMI is to inform the public that something is copyrighted and to prevent infringement. *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.,* 975 F. Supp. 2d 920, 928 (N.D. Ill. 2013). Alan Ross alleges Machinio violated the DMCA by intentionally removing Alan Ross's CMI and by distributing false CMI on its own website. R. 40 ¶ 32.

   A. **Removal or alteration of CMI**

As to the first allegation, Alan Ross alleges that its website displays a notice that the pages are copyrighted by Alan Ross. *Id*. ¶ 12. Alan Ross fails to attach an exhibit depicting the notice, but the Court's visit to the webpage (www.alanross.biz) shows that the notice states: "© 2018 – Alan Ross Machinery Corporation" at the bottom of the website, without indicating to what it refers. Alan Ross does not allege any other CMI existed on its webpage other than that notice, nor does it allege that the listings, the photographs, or the descriptions in the listings contained CMI.[1] This is important because Alan Ross alleges that Machinio reproduced the *photographs*

---

[1] Perhaps indicative of Alan Ross's inability to make out a copyright infringement claim, it does not attach any copyright registration to indicate it holds the copyright to the photographs or descriptions contained in the listings. *See Pers. Keepsakes, Inc.*, 975 F. Supp. at 928-29 ("Allowing a plaintiff to make out a DMCA claim based on alleged CMI that does not link up in any way to the copyright registration is an invitation to unfair litigation against parties who have tried to tread carefully to avoid copyright infringement.").

4

*and descriptions* of the listings—not the webpages—and reproduced those items into a format that fits on Machinio's website. *Id.* ¶ 25. Alan Ross argues that it is implausible that the copyright notice would not encompass the listings. But the Court cannot make that inference given Alan Ross's allegations that "[e]ach page of ARM's website, . . . display[s] a notice that the *pages* are copyrighted by ARM." *Id.* ¶ 12 (emphasis added). "[W]ebsites generally do not claim ownership or authorship over an image just because the image appears on the website." *Tomelleri v. Zazzle, Inc.*, 2015 WL 8375083, at *12 (D. Kan. Dec. 9, 2015). Without allegations that Machinio removed or altered any CMI from the *listings* it allegedly copied, Alan Ross fails to allege a violation of 17 U.S.C. § 1202(b) ("No person shall, without the authority of the copyright owner or the law—(1) intentionally remove or alter any copyright management information."). *See also Pers. Keepsakes, Inc.*, 975 F. Supp. 2d at 929 (no DMCA claim when the only alleged CMI was on the plaintiff's website, but the plaintiff did not assert that its website was copied, only the content of its poems); *cf. Parks, Millican & Mann, LLC v. Figures Toy Co.,* 2017 WL 5897901, at *7 (E.D. Va. Nov. 29, 2017) (plaintiff plausibly alleged DMCA claim when it alleged its copyright notice was imprinted on the product, and defendant removed that notice when it replicated the product); *GC2 Inc. v. Int'l Game Tech. PLC*, 255 F. Supp. 3d 812, 822 (N.D. Ill. 2017) (explaining that an omission of authorship of a photograph is sufficient to state a claim under the DMCA).

### B. Distribution of false CMI

Alan Ross also fails to allege that Machinio provided or distributed false CMI

5

in violation of 17 U.S.C. § 1202(a). Alan Ross alleges that the "Terms of Use" page of Machinio's website constitutes false CMI because it includes false representations about the ownership of copyrighted and trademarked material on Machinio's website. R. 40 ¶ 19. To violate the DMCA, the false CMI must be "conveyed in connection" with the work. General copyright notices are not "conveyed" with the work, and thus do not violate the DMCA. *See GC2 Inc.,* 255 F. Supp. 3d at 821 ("Courts, however, have generally required more than a boilerplate terms of use notice near a copyrighted work in order to find a party liable for distributing false CMI"); *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.,* 2012 WL 414803, at *7 (N.D. Ill. Feb. 8, 2012) ("[A]s a matter of law, if a general copyright notice appears on an entirely different webpage than the work at issue, then that CMI is not 'conveyed' with the work and no claim will lie under the DMCA."); *Stevens v. CoreLogic, Inc.*, 194 F. Supp. 3d 1046 (S.D. Cal. 2016) (granting summary judgment against plaintiff who claimed that defendant distributed false CMI when it displayed its own copyright notice on the same webpage as plaintiff's photographs).

Alan Ross argues that the Court cannot find as a matter of law that Machinio's CMI "was too far removed" from the listings to be "conveyed in connection with" them because Machinio's website may have changed since the violation. R. 44 at 8. In finding that the listings do not contain CMI, the Court looks no further than Alan Ross's own allegations. From those allegations, the only reasonable inference is that Machinio's terms of use were located on a different page, R. 40 ¶ 19 (explaining that the website contains a "terms of use" page), or at the very least were not located near

6

the duplicated listings, R. 3-2 (exhibit to original complaint showing a print-out of Machinio's website with no apparent CMI). Because Alan Ross does not allege that any false CMI was conveyed with the listings, the DMCA claim fails.[2]

Because Alan Ross's previous complaint did not contain any copyright claims, the Court will allow Alan Ross to amend its complaint. However, if Alan Ross fails to allege a plausible claim with that amendment, dismissal will be with prejudice.

### III. Lanham Act (Count II)

Alan Ross's Lanham Act claim fails for the same reasons the Court originally dismissed its Lanham Act claim—Alan Ross fails to allege that "its mark is protected under the Lanham Act," and that the challenged mark is "likely to cause confusion among consumers." *Barbecue Marx, Inc. v. 551 Ogden, Inc.*, 235 F.3d 1041, 1043 (7th Cir. 2000). In its original order, the Court dismissed Alan Ross's Lanham Act claim because Alan Ross had failed to show that it had a protectible trademark in its machinery listings and that Machinio's reproduction of those listings could have lulled consumers into believing that Alan Ross had endorsed Machinio's listings. R. 31 at 6-7. Alan Ross again fails to allege the basic elements of a Lanham Act claim. It still fails to allege that "Alan Ross Machinery" was used to distinctively identify the machinery or the machinery listings as those of Alan Ross as is required to allege a protectible mark. In fact, Alan Ross does not even address Machinio's arguments regarding its lack of protectible mark in the briefings on the motion to dismiss at

---

[2] Alan Ross also fails to allege any injury because of Machinio's conduct, as described below.

7

issue here. *See* R. 44. And like its previous complaint, Alan Ross does not allege its name appears on Machinio's website to plausibly allege a likelihood of confusion from Machinio's duplicated listings. *See* R. 40.

The Lanham Act claim also fails because Alan Ross does not allege an injury to a "commercial interest in sales or business reputation proximately caused by the defendant's misrepresentation." *Martin v. Wendy's Int'l, Inc.*, 183 F. Supp. 3d 925, 931 (N.D. Ill. 2016) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132 (2014)). To show proximate cause, a Lanham Act plaintiff must show "economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and . . . that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.* As to the injury, Alan Ross alleges that Machinio caused potential and actual confusion in the marketplace: "By reproducing the Copied Listings on its website, Machinio caused third-party websites such as Google to falsely represent that the Copied Listings were Machinio's property and caused some actual and potential buyers of equipment to conclude the same." R. 40 ¶ 28. But that confusion does not plausibly amount to a loss of "commercial interest in sales or business reputation," such as reduced sales or advertisements, particularly because Machinio does not sell any products. As the Court described in its previous opinion, "Machinio is not a vendor, but rather a global search engine. Listing on Machinio's search engine would presumably benefit Alan Ross, by allowing more potential buyers and sellers to view the machinery." R. 31 at 13. Accordingly, Alan Ross's Lanham Act fails.

Unlike the previous briefings however, Alan Ross now argues that Machinio's conduct constitutes "reverse passing off."[3] Although the Court need not reach Alan Ross's Lanham Act claim based on "reverse passing off" because it fails for the reasons described above, it will nonetheless address it. "Reverse passing off" is the common name for "false designation of origin" prohibited by the Lanham Act. 15 U.S.C. § 1125(a)(1)(A). "Passing off (or palming off, as it is sometimes called) occurs when a producer misrepresents his own goods or services as someone else's. 'Reverse passing off,' as its name implies, is the opposite: The producer misrepresents someone else's goods or services as his own." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28 n.1 (2003) (citations omitted). Alan Ross alleges that Machinio copied Alan Ross's listings "without alteration or accreditation to [Alan Ross], and merely repackaged them as its own," in violation of the Lanham Act's false designation of origin provision. R. 40 ¶ 39.

The Supreme Court's decision in *Dastar* is to the contrary. In *Dastar*, the plaintiff, a Hollywood studio, produced a television series based on the Allies' victory in Europe. *Dastar*, 539 U.S. at 25. After the studio let the copyright lapse and the series entered the public domain, a production company bought a copy of the series, re-edited it, and sold it under a new title as its own product. *Id.* at 26-28. The studio sued under the Lanham Act, asserting that the production company was selling the

---

[3] Alan Ross's previous complaint alleged "reverse passing off," but Alan Ross failed to respond to Machinio's arguments in its motion to dismiss. Instead, Alan Ross addressed only its false endorsement claim and the Court held the "reverse passing off" claim was waived. R. 31 at 5 n.2.

9

studio's product as its own. *Id*. The Court noted that if the production company simply bought the studio's tapes and re-packaged them, the production company would obviously violate the Lanham Act. *Id*. at 31. But if the production company was the actual "manufacturer or producer of the physical goods" (*i.e.*, the videotapes), then the production company would not run afoul of the Lanham Act. *Id*. at 31. The Court concluded that "false designation of origin" as it is used in § 43(a)(1)(A), "refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." *Id*. at 37. The Court explained that the latter—the content of the videotape (the idea, concept, or communication)—is governed by the Copyright Act. *Id*. Because the production company in *Dastar* was the producer of the actual tangible item at issue, there was no Lanham Act claim. *Id*. at 38.

Here too, Machinio produced the duplicated listings, just as Dastar produced the videotapes. Although Alan Ross alleges that Machinio copied the listings without "revision or attribution," R. 40 ¶ 24, it also alleges that Machinio only copied certain fields from the Alan Ross listings and rearranged those fields to correspond with Machinio's format. *Id*. ¶ 25. Based on those allegations, Machinio created the final product, albeit using the photographs and descriptions created by Alan Ross, just like in *Dastar*. In other words, applying *Dastar*, because Alan Ross is not the source of the product (the duplicated listings), it does not have a claim under § 43(a)(1)(A) of the Lanham Act. That is not to say that Alan Ross does not have a copyright claim, if Machinio reproduced "the idea, concept, or communication" from Alan Ross's listing.

10

But as the Court has already held, Alan Ross has not alleged a copyright claim.

Despite an opportunity to amend its Lanham Act claim, Alan Ross has been unable to do so. As the Court's analysis above makes clear, further amendment would be futile. Alan Ross's Lanham Act claim is dismissed with prejudice. *Right Field Rooftops, LLC v. Chicago Cubs Baseball Club, LLC*, 870 F.3d 682, 693 (7th Cir. 2017) (leave need not be given when "there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.").

## CONCLUSION

For the foregoing reasons, Defendant Machinio's motion to dismiss the complaint, R. 42, is granted. Plaintiff Alan Ross Machinery's Lanham Act claim is dismissed with prejudice. The Court will allow Alan Ross to file a second amended complaint if it believes it can cure the deficiencies identified in this opinion with respect to its copyright allegations. Any motion for leave to file a second amended complaint shall be filed by December 7, 2018. The motion should attach a redlined comparison between the current complaint and the proposed amended complaint, and it should be supported by a brief of no more than five pages describing how the proposed amended complaint cures the deficiencies in the current complaint. Machinio is not to file a response unless directed to do so by the Court.

ENTERED:

*Thomas M Durkin*

Dated: November 16, 2018

Honorable Thomas M. Durkin
United States District Judge